UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCO J. MALDONADO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MAGGIE MILLER-STOUT,<br><br>　　　　　Respondent. | Case No.  C08-5114RJB-KLS<br><br>REPORT AND RECOMMENDATION TO TRANSFER SECOND OR SUCCESSIVE PETITION<br><br>Noted for April 25, 2008 |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rules MJR 3 and 4.   Petitioner in this action is seeking federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  Petitioner is not proceeding *in forma pauperis* in this matter. After reviewing the petition and the remaining record, the undersigned recommends as follows.

## DISCUSSION

On February 21, 2008, petitioner filed his petition challenging his conviction for rape of a child in the second degree and child molestation in the first degree. (Dkt. #4).  In response to the question as to whether

REPORT AND RECOMMENDATION
Page - 1

he previously filed any type of petition, application or motion in a federal court regarding the convictions being challenged in his current petition, petitioner responded that yes, he had done so in this Court, and that the previous petition had been denied. (Dkt. #4, p. 12).  Indeed, a review of the Court's record reveals that petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this Court on March 10, 2003 (Maldonado v. Miller-Stout, C03-5084FDB, Dkt. #1 and #4), challenging his two convictions, which was denied on September 18, 2003 (Id., Dkt. #12 and #14).  The Court and the Ninth Circuit, furthermore, both denied petitioner's request for a certificate of appealability. (Dkt. #19 and #21).

Pursuant to 28 U.S.C. § 2244(a), "[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."  Further, "[b]efore a second or successive application permitted by" 28 U.S.C. § 2244 "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  In addition, Ninth Circuit Rule 22-3(a) reads in relevant part as follows:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. §§ 2244 or 2255. . . . If a second or successive petition or motion, or an application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

As such, because petitioner previously filed a petition in this Court challenging the same convictions he now is challenging, and because that petition was denied, his current petition is a "second or successive" petition. The Court thus is required to transfer it to the Ninth Circuit for consideration.

## CONCLUSION

For the foregoing reasons, the Court should transfer petitioner's current petition to the Ninth Circuit as a second or successive petition and administratively close this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **April 25, 2008**,

REPORT AND RECOMMENDATION
Page - 2

1 | as noted in the caption.

2 |     DATED this 28th day of March, 2008.

                                                   Karen L. Strombom
                                                   United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3